**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Lisa Duke,** | **)** | **CASE NO. 21 CV 39** |
| | **)** | |
| **Plaintiff,** | **)** | **JUDGE PATRICIA A. GAUGHAN** |
| | **)** | |
| **Vs.** | **)** | |
| | **)** | |
| **Commissioner of Social Security,** | **)** | <u>**Memorandum of Opinion and Order**</u> |
| | **)** | |
| **Defendant.** | **)** | |


<u>**Introduction**</u>

        This matter is before the Court upon the Report & Recommendation of Magistrate Judge

Thomas M. Parker recommending that the decision of the Commissioner be affirmed. (Doc. 14).

Plaintiff Lisa Duke filed objections. (Doc. 15). This is a Disability Insurance Benefits ("DIB")

case. For the following reasons, the Report and Recommendation is ACCEPTED and the

decision of the Commissioner is AFFIRMED.

<u>**Facts**</u>

1

Plaintiff filed this lawsuit seeking review of the Commissioner's decision denying Plaintiff's DIB claim. Plaintiff claims disability stemming from postural orthostatic tachycardia syndrome ("POTS"), anxiety, hiatal hernia, obesity, asthma, hyperlipidemia, anemia, colitis, gastresophageal reflux disease, esophageal erosions, and eosinophilia esophagitis. The Administrative Law Judge ("ALJ") determined that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following relevant limitations:

- Plaintiff can lift or carry 20 pounds occasionally and 10 pounds frequently;

- Plaintiff can sit for six hours in an eight-hour workday;

- Plaintiff can walk or stand for six hours in an eight-hour workday;

- Plaintiff cannot climb ladders, ropes, or scaffolds, but can frequently kneel, crouch, crawl, climb ramps, and climb stairs; and

- Plaintiff can perform simple, routine tasks, but cannot perform tasks involving high production quotas or fast-paced production demands.

In support of her DIB claim, Plaintiff provided the ALJ with a medical opinion from Dr. Thomas Krupitzer, a general practitioner. In that opinion, Dr. Kruptizer opined that Plaintiff could stand or walk for only three hours in an eight-hour workday, sit for six hours, and lift and carry 10 pounds occasionally and less than 10 pounds frequently.  He further opined that Plaintiff must frequently change positions at will and lie down at unpredictable times. The opinion is set forth on a "check the box" form that also provides some space for written explanations regarding the limitations. On the form, Dr. Kruptizer noted that Plaintiff had been diagnosed with asthma and POTS and further indicated that Plaintiff's symptoms include cough, wheeze, shortness of breath, chest pain, and palpitations. He listed "fast heart rate and low blood pressure" as his medical findings and identified unspecified "medications" as Plaintiff's "treatment."

2

The ALJ analyzed Dr. Kruptizer's opinion as follows:

The undersigned finds Dr. Krupitzer's opinion unpersuasive. While he treated the claimant, the evidence did not document such substantial limitations. Indeed, the claimant demonstrated generally normal strength, coordination, and gait. While she had dizziness when standing for long periods, the record did not document the need to change positions often or to lay down. While Dr. Krupitzer noted a fast heart rate and low blood pressure to support his assessment, the statement of the claimant's cardiologist, who treated the claimant's POTS, did not offer such extreme limitations. Likewise, the claimant's asthma was largely controlled and did not establish such substantial restrictions.

Plaintiff argued to the Magistrate Judge that the ALJ erred in analyzing the opinion of Dr. Kruptizer.  According to Plaintiff, the ALJ did not point to any evidence in the record that contradicts this opinion.  In addition, Plaintiff argued that findings of a "normal gait" are not relevant to a diagnosis of POTS.  The Magistrate Judge  considered the question "close," but ultimately concluded that the ALJ properly evaluated Dr. Krupitzer's opinion. Even if the ALJ had erred, however, the Magistrate Judge concluded that such error would be harmless because Dr. Krupitzer's medical opinion was "patently deficient" such that the ALJ need not credit it.

Plaintiff objects to the Report and Recommendation and renews her argument that the ALJ inadequately explained why Dr. Krupitzer's medical opinion was rejected.[1] She further argues that Dr. Kruptizer's opinion is not patently deficient.

**Standard of Review**

---

[1] The Court finds that Plaintiff  waived any objection to the Report and Recommendation's conclusion regarding Plaintiff's subjective complaints. In her objection, Plaintiff confusingly indicates that she is not objecting to this issue, but instead "relies on her brief." *See* Doc. 15 at PageID 4133. Objections, however, must be specific to be preserved.

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the objection *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, the Court held that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." 474 U.S. 140, 150 (1985).

**Analysis**

**(1) ALJ's analysis**

In her analysis, the ALJ rejected the degree of limitations imposed by Dr. Kruptizer. According to Plaintiff, the ALJ gave insufficient reasons for doing so. The Court disagrees. The ALJ discussed Dr. Krupitzer's one-page medical opinion, wherein Dr. Krupitzer checked boxes setting forth his opinion with regard to Plaintiff's work-related limitations. The ALJ specifically noted that the extreme limitations imposed by Dr. Kruptizer were not consistent with the opinion of Dr. Michael Amalfitano, Plaintiff's treating cardiologist. Dr. Amalfitano treated Plaintiff for POTS and opined (on a similar "check the box" form) that Plaintiff suffered from no work-related limitations. Notably, the ALJ did not accept the full opinion from Dr. Amalfitano to the

4

extent he found no work-related limitations. Rather, the ALJ determined that Plaintiff's "documented ongoing dizziness and palpitations" required the imposition of "several exertional and non-exertional limitations." (Doc. 10 at 98). This suggests that the ALJ adopted a middle ground between the opinions, evidenced by moderate limitations for Plaintiff's walking, sitting, standing, and lifting abilities in the RFC. (Doc. 10 at 93).

The ALJ also stated that she found Dr. Krupitzer's opinion unpersuasive because "the record did not document such substantial limitations." (Doc. 10 at 98). Plaintiff argues that the ALJ failed to point to record evidence supporting this determination. But, the ALJ cannot cite a negative. The ALJ acknowledged Plaintiff's POTS diagnosis, but noted that the record did not document a requirement that Plaintiff change positions or lay down as Dr. Krupitzer indicated. Plaintiff does not identify any evidence in the record supporting her argument. Nor did the Court's review, which included Dr. Krupitzer's treatment notes, disclose support for these limitations.

Furthermore, in contrast to Dr. Krupitzer's findings regarding Plaintiff's ability to lift certain weight and change positions on demand, the ALJ noted that Plaintiff "demonstrated generally normal strength, coordination, and gait." Plaintiff argues that strength, coordination, and gait are not relevant to her POTS diagnosis. The Court disagrees. As the Magistrate Judge points out, Dr. Wilson, a POTS specialist, wrote under the heading "Gait" that Plaintiff "[r]ises and sits from chairs without incident" and wrote on that same page that Plaintiff should "[m]ake all postural changes from lying to sitting or sitting to standing slowly." (Doc. 10 at 1139). Dr. Wilson, at least, understood "gait" to include measures relevant to Plaintiff's POTS diagnosis. While the Court agrees that the ALJ could have aided subsequent review by providing pinpoint

5

citations for "generally normal strength, coordination, and gait" findings, the record does in fact

show such findings. *See, e.g.*, (Doc. 10-3 at 3904) (documenting "[f]ull power of arms and legs,"

a "normal gait and stride," and that Plaintiff  "[r]ises and sits from chairs without incident").

Finally, the ALJ was entitled to find the opinion unpersuasive because it was not

accompanied by an explanation of the limitations. The applicable regulation specifies that an

opinion's persuasive value is based on both the objective evidence and "supporting

explanations." 20 C.F.R § 404.1520c. Courts frequently find that check-box forms,

unaccompanied by explanation, are unsupported. *See, e.g.*, *Kepke v. Comm'r of Soc. Sec.*, 636

Fed. App'x 625, 630 (6th Cir. 2016) ("The Court has held that an ALJ properly discounted a

treating source's questionnaire because the source failed to provide any explanation for his

responses) (quotation omitted); *Gallagher v. Berryhill*, 2017 WL 2791106, at *8 (N.D. Ohio

June 12, 2017).[2]

Here, the form does not provide an explanation beyond stating that the medical findings

included fast heart rate and low blood pressure. Dr. Krupitzer did not describe why or how these

findings are relevant to the many limitations he noted. In addition, Dr. Kruptizer indicated only

that Plaintiff's treatment consisted of "medications."  He did not identify those medications or

---

[2] This argument applies even if the ALJ did not rely on it as a reason for rejecting the
opinion. *See Gallagher v. Berryhill*, 2017 WL 2791106, at *8 (N.D. Ohio June 12, 2017)
(allowing Commissioner to argue that check-box form was insufficient explanation even
though ALJ had not mentioned it) (citing *Ellars v. Comm'r of Soc. Sec.*, 647 Fed. App'x
563, 568 (6th Cir. 2016)); *Marks v. Comm'r of Soc. Sec.*, 2018 WL 1801609, at *8 (N.D.
Ohio Jan. 12, 2018) ("Recent decisions from the Sixth Circuit suggest that the check-box
format for a treating source's opinion is relevant even when the ALJ did not specifically
call attention to it in the decision.").

provide any explanation as to how those medications affect the limitations he noted. For this additional reason, the ALJ was entitled to find the opinion unpersuasive.

Based on the foregoing, the Court finds that the ALJ did not err in analyzing the opinion of Dr. Kruptizer, and Plaintiff's objection is rejected. The ALJ's analysis, including referencing Dr. Amalfitano's opinion, noting that the record contains no evidence supporting the limitations imposed, and the fact that the opinion was contained on a check box form without sufficient explanation, all relate to the consistency and supportability factors that an ALJ must consider.

### (1) Patently Deficient

Even if the ALJ violated agency regulations by failing to properly explain why she rejected Dr. Krupitzer's opinion, the Court agrees with the Magistrate Judge that the error was harmless because Dr. Krupitzer's opinion was patently deficient.

If an ALJ makes a procedural error in denying due weight to a physician's opinion, such "insufficient discussion" may be harmless    and thus remand is unnecessary    if: (1) the opinion is so "patently deficient" that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion or makes findings consistent with it; (3) where the Commissioner has met the goal of the procedural safeguards requiring explanation, even if there is no strict compliance therewith. *Hernandez v. Comm'r of Soc. Sec.*, 644 Fed. App'x 468, 474 (6th Cir. 2016)

The Sixth Circuit has found physician opinions "patently deficient" when they involve "check-box analysis . . . not accompanied by any explanation." *Id.* at 474   75. In *Hernandez*, the court found it "nearly impossible" to decide whether the objective medical evidence supported a physician's opinion because the physician did not explain whether those limitations existed when

the claimant was on medication or off of it. *Id.* "Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." *Id.* (quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)).[3]

Here, Dr. Krupitzer's form included some blank fields and check boxes. Dr. Krupitzer indicated that he has treated Plaintiff since 2015. He noted that Plaintiff has asthma and POTS and that the treatment is "medications." (Doc. 10-4 at 4067). He listed symptoms of coughing, wheezing, shortness of breath, chest pain, and palpitations. His medical findings were a fast heart rate and low blood pressure. Dr. Krupitzer indicated that Plaintiff's limitations began when she was diagnosed with POTS in 2016.

Although these blank fields provide somewhat more support than a mere check-box form, Dr. Krupitzer's opinion remains deficient. He does not explain whether Plaintiff is limited while taking medication or if she is only limited without the medication. *Hernandez*, 644 Fed. App'x at 474 75. Nor does he explain why medical findings of fast heart rate and low blood pressure require the significant limitations imposed.  Indeed, none of the limitations are explained.

Moreover, the form itself is internally inconsistent. Dr. Krupitzer checked "no" when asked whether Plaintiff's ability to sit was limited, but then selected an option that capped her ability to sit at six hours in an eight-hour workday. (Doc. 10-4 at PageID 4067). Additionally, Dr. Krupitzer selected "no" when asked whether Plaintiff's ability to lift and carry was limited, but

---

[3] *See also Maldonado v. Saul*, 2021 WL 3293528, at *6 (N.D. Ohio July 26, 2021) (finding check-box opinion patently deficient where it contained "minimal articulation supporting the limitations assessed"); *Toll v. Comm'r of Soc. Sec.*, 2017 WL 1017821, at *4 (W.D. Mich. Mar. 16, 2017) (finding harmless error where the form was "lacking in any explanation of how [claimant's] diagnoses impose these severe restrictions on his ability to perform work.").

then selected options that limited Plaintiff to lifting 10 pounds occasionally and less than 10 pounds frequently. (Id.). These conflicting findings are not explained.

Thus, even if the ALJ erred in articulating reasons for rejecting the opinion of Dr. Kruptizer, the opinion itself was patently deficient and thus need not be credited.  Plaintiff's objection to the contrary is not well-taken.

**Conclusion**

This Court, having reviewed the Report and Recommendation (Doc. 14) and finding Plaintiff's objections to be without merit, hereby ACCEPTS the Magistrate Judge's Report and Recommendation.  In accordance with that recommendation, the decision of defendant is AFFIRMED, and the Report and Recommendation is incorporated herein by reference.

IT IS SO ORDERED.


   /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated:  4/11/22